UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo MARTINEZ–AGUILERA,
Defendant–Appellant.

No. 04–51388.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Alfredo Martinez–Aguilera raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Antonio GONZALEZ, also known as Rolando Garcia–Perez,
Defendant–Appellant.

No. 04–51362
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Antonio Gonzalez raises argu-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Olivo MEJIA–SOLANO, Defendant–
Appellant.**

**No. 04–50749
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 22, 2005.

Mara A. Blatt, Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

**PER CURIAM:** *

Olivo Mejia–Solano (Mejia) appeals his sentence following his guilty-plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 41 months of imprisonment, three years of supervised release, and a $100 special assessment.

Mejia argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Mejia concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi. See United States v. Sarmiento–Funes,* 374 F.3d 336, 346 (5th Cir.2004).

For the first time on appeal, Mejia argues that, under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court must vacate his sentence and remand for resentencing because the mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the computation of a defendant's sentence under the formerly mandatory sentencing guidelines is reviewed for plain error. *United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.